EXHIBIT A

NYSCEF

Rockland County Supreme Court

**Document List**

**Index #   037460/2024**

Created on:01/14/2025 10:57 AM

**Case Caption:    GOLDEN TIME TECHNOLOGIES INC. et al v. CAPITAL ONE BANK, NATIONAL ASSOCIATION**

**Judge Name:    David Fried**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT<br>Summons and Verified Complaint | Processed | 12/10/2024 | Rosenfeld, A. |
| 2 | EXHIBIT(S) - A<br>Notice | Processed | 12/10/2024 | Rosenfeld, A. |
| 3 | EXHIBIT(S) - B<br>Bank Statement | Processed | 12/10/2024 | Rosenfeld, A. |
| 4 | EXHIBIT(S) - C<br>Bank Statement | Processed | 12/10/2024 | Rosenfeld, A. |
| 5 | EXHIBIT(S) - D<br>Back Statement | Processed | 12/10/2024 | Rosenfeld, A. |
| 6 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP<br>Affirmation of E. Yurowitz | Processed | 12/10/2024 | Rosenfeld, A. |
| 7 | EXHIBIT(S) - A<br>Summons and Verified Complaint | Processed | 12/10/2024 | Rosenfeld, A. |
| 8 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP<br>Affirmation of Emergency | Processed | 12/10/2024 | Rosenfeld, A. |
| 9 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP<br>Affirmation/Notice of Presentment | Processed | 12/10/2024 | Rosenfeld, A. |
| 10 | EXHIBIT(S) - A<br>Email | Processed | 12/10/2024 | Rosenfeld, A. |
| 11 | ORDER TO SHOW CAUSE - ACCOMPANYING COMMENCEMENT DOC(S) (PROPOSED) (Motion #001)<br>Proposed OSC | Processed | 12/10/2024 | Rosenfeld, A. |
| 12 | RJI -RE: ORDER TO SHOW CAUSE | Processed | 12/10/2024 | Rosenfeld, A. |
| 13 | ADR COURT NOTICE - RJI | Processed | 12/11/2024 | Court User |
| 14 | ORDER TO SHOW CAUSE (Motion #001) | Processed | 12/11/2024 | Court User |
| 15 | COURT NOTICE | Processed | 12/19/2024 | Court User |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------x

GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

|  |  |
|---|---|
| Plaintiff, | **SUMMONS** |
|  | **Index No.** |
|  | **Date Purchased: 12/10/2024** |
| - against - |  |
| CAPITAL ONE BANK, NATIONAL ASSOCIATION, | Plaintiffs designates Rockland County the place of trial. The basis of venue is Plaintiffs' place of business |
| Defendant. |  |

-------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Lawrence, New York
       December 10, 2024

                         **THE ROSENFELD LAW OFFICE**

                         By: _____
                            Avinoam Y. Rosenfeld
                         *Attorneys for Plaintiffs*
                         156 Harborview South
                         Lawrence, New York 11559
                         Phone: (516) 547-1717
                         Email: aviyrosenfeld@aol.com

| | |
|---|---|
| Nature of this action is: | See Attached Complaint |
| Relief sought is: | See Attached Complaint |

**TO:** **CAPITAL ONE BANK, NATIONAL ASSOCIATION**
   45 Route 59
   Monsey, New York 10952

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                                Plaintiff,          **Index No.**

          - against -

CAPITAL ONE BANK, NATIONAL ASSOCIATION,     **<u>Verified Complaint</u>**

                                Defendant.
-------------------------------------------------------------------x

Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** and **SHEFA TRANS PACIFIC LTD.**, by their attorneys The Rosenfeld Law Office, for their Verified Complaint against **CAPITAL ONE BANK, NATIONAL ASSOCIATION**, allege as follows:

### **<u>The Parties</u>**

1.      Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** ("GTT") and **SHEFA TRANS PACIFIC LTD.** ("STP", GTT and STP are sometimes collectively referred to as "Plaintiffs"), are corporations duly organized and existing under the laws of the State of New York.  GTT and STP maintain a place of business at 21 Lyncrest Drive, Money, New York 10952.

2.      Upon information and belief, Defendant **CAPITAL ONE BANK, NATIONAL ASSOCIATION** ("Capital One") is bank chartered by the United States of America.  Capital One is authorized to do business in the State of New York and maintains a place of business at 45 Route 59 Monsey, New York 10952.

INDEX NO. 037460/2024
RECEIVED NYSCEF: 12/10/2024

## JURISDICTION AND VENUE

3.     Jurisdiction in this Court is proper under New York Civil Practice Law and Rules ("CPLR") Section 301 and 302 because all parties reside and/or transact or regularly do or solicit business within New York State.

3.     Venue is proper under CPLR 503(a) because Plaintiffs maintain a place of business in Rockland County and a substantial part of the events or omissions giving rise to the claim occurred Rockland County.

## Facts Common to All Claims

4.     In or about March 2024, Ephraim Yurowitz, in his capacity as an officer of GTT, opened an account, Account No. xxxxxxxxxx3709, at Capital One ("the GTT Account").

5.     On or about March 2024, Ephraim Yurowitz, in his capacity as an officer of STP, opened an account, Account No. xxxxxxxxxx7904, at Capital One ("the STP Account").

6.     In or about October 2024, Capital One advised Mr. Yurowitz that it would be closing the GTT and STP Accounts.  Capital One further advised Mr. Yurowitz that:

> Any remaining balance owed to you – plus any interest earned – will be sent to your externally linked checking account. If you don't have an externally linked checking account or if the account linked is no longer open, a check will be mailed to your address on file.

Exhibit "A" hereto.

7.     At the time Capital One closed the GTT Account, the account had a balance of One Hundred Thirty-Six Thousand, Five Hundred and Forty-Six ($136,546.00) Dollars.  See account statement for GTT Account, attached hereto as Exhibit "B".  After Capital One closed the GTT Account a wire, in the amount of Fifty-Six Thousand ($56,000.00) Dollars was received

2

into the GTT Account and retained by Capital One.  In total, Capital One retained control over One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.

8.      At the time Capital One closed the STP Account, the account had a balance of Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.  See account statement for STP Account, attached hereto as Exhibit "C".

9.      Although Capital One represented that the funds in Plaintiffs' respective accounts at the time said accounts were closed would be sent to Plaintiffs, Capital One has continued to retain possession and control over the balances in said accounts and has refused to release the funds to Plaintiffs.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Conversion – GTT Account)

10.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 9 of this Verified Complaint as if fully set forth herein.

11.     GTT has the right to immediate possession of all of the funds that were on deposit in the GTT Account as of the date Capital One closed the GTT Account.

12.     Defendant has retained funds owed to GTT in an account at Capital One that is under the exclusive control of Defendant.

13.     The funds diverted by Capital One are readily identifiable.

14.     By retaining the funds referenced herein in an account exclusively under its control, Defendant has exercised dominion over GTT's funds to the exclusion of GTT.

15.     Defendant's conduct constitutes conversion of GTT's funds.

Case 7:25-cv-00372-JGLC    Document 1-1    Filed 01/14/25    Page 8 of 56

16.     As a result, GTT has sustained damages in an amount to be determined at trial, but not less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Conversion – STP Account)

17.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 16 of this Verified Complaint as if fully set forth herein.

18.     STP has the right to immediate possession of all of the funds that were on deposit in the STP Account as of the date Capital One closed the STP Account and any funds received in the STP Account thereafter.

19.     Defendant has retained funds owed to STP in an account at Capital One that is under the exclusive control of Defendant.

20.     The funds diverted by Capital One are readily identifiable.

21.     By retaining the funds referenced herein in an account exclusively under its control, Defendant has exercised dominion over STP's funds to the exclusion of STP.

22.     Defendant's conduct constitutes conversion of STP's funds.

23.     As a result, STP has sustained damages in an amount to be determined at trial, but not less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.

4

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty – All Accounts)

24.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 23 of this Verified Complaint as if fully set forth herein.

25.     By virtue of the close and confidential relationship between Plaintiffs and the Defendant, Defendant owed a fiduciary duty to Plaintiffs.

26.     Defendant benefitted by its breaches of its fiduciary duties to Plaintiffs to Plaintiffs' detriment.

27.     As a direct and proximate cause of Defendant's actions, (i) GTT has sustained damages in an amount to be determined at trial, but not less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars., and (ii) STP has sustained damages in an amount to be determined at trial, but not less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Punitive Damages)

28.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 27 of this Verified Complaint as if fully set forth herein.

29.     As a direct and proximate cause of Defendant's actions alleged herein, Plaintiffs have been significantly damaged in an amount to be proven at trial.  Plaintiffs are entitled to punitive damages as Defendant acted with an intentional evil mind and with the intent to cause injury to Plaintiffs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

5

A. On the First Cause of Action, a money judgment against Defendant in favor of GTT, in an amount to be determined at trial, but no less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.;

B. On the Second Cause of Action, a money judgment against Defendant in favor of STP, in an amount to be determined at trial, but no less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents;

C. On the Third Cause of Action, (i) a money judgment against Defendant in favor of GTT, in an amount to be determined at trial, but no less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars., and (ii) a money judgment against Defendant in favor of STP, in an amount to be determined at trial, but no less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents;

D. On the Fourth Cause of Action, punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

E. Interest, costs and disbursements, including, but not limited to, a reasonable attorneys' fee; and

F. Such other and further relief as the Court deems just and proper.

Dated:  Lawrence, New York
        December 10, 2024

THE ROSENFELD LAW OFFICE

By: _____
        Avinoam Y. Rosenfeld
*Attorneys for Plaintiffs*
156 Harborview South
Lawrence, New York 11559
Phone: (516) 547-1717
Email: aviyrosenfeld@aol.com

6

## VERIFICATION

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF ROCKLAND  )

      **EPHRAIM YUROWITZ**, hereby affirms the truth of the following statements under the penalties of perjury:

      I am the President of Golden Time Technologies Inc. and Shefa Trans Pacific Ltd., the Plaintiffs I this action.  I have read the foregoing Verified Complaint and know the contents thereof; the same being true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

      The grounds for my belief as to all matters not stated upon my personal knowledge are an investigation of the facts and circumstances surrounding this matter.

**I affirm this 10th day of December 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.**

_____
Ephraim Yurowitz

7

# EXHIBIT "A"

INDEX NO. 037460/2024

NYSCEF: 12/10/2024

Sign in

FILED: ROCKLAND COUNTY CLERK 12/10/2024 02:26 PM

NYSCEF DOC. NO. 2



# Your accounts will be closed

Ephraim,

Our final review has concluded, and it was confirmed that the unusual activity on your accounts is very different from the way you normally bank. As a result, **your Capital One bank accounts will be closed.**

Any remaining balance owed to you—plus any interest earned—will be sent to your externally linked checking account. If you don't have an externally linked checking account or if the account linked is no longer open, a check will be mailed to your address on file.

If you have questions, please call 866-464-7761, Monday-Friday 8 a.m.-11 p.m. ET, or Saturday 8 a.m.-6 p.m. ET. We'll be happy to help you.

# EXHIBIT "B"

**Capital One Bank**

## MANAGE YOUR CASH
CASH MANAGEMENT | CHECKING | MONEY MARKET | CDs | LOANS

GOLDEN TIME TECHNOLOGIES INC.
21 LYNCREST DR
MONSEY NY 10952

K103
000131444

Speak to a dedicated business solutions expert at 1-888-755-2172 — a one-stop number for both your business and personal needs.

## ACCOUNT SUMMARY    FOR PERIOD OCTOBER 01, 2024 - OCTOBER 31, 2024

**GOLDEN TIME TECHNOLOGIES INC.**

**Business Basic Checking** ▉▉▉3709

| | | | |
|---|---|---|---|
| Previous Balance 09/30/24 | $136,546.00 | Number of Days in Cycle | 31 |
| 0 Deposits/Credits | $0.00 | Minimum Balance This Cycle | $136,546.00 |
| 0 Checks/Debits | $0.00 | Average Collected Balance | $136,546.00 |
| Service Charges | $0.00 | | |
| Ending Balance 10/31/24 | $136,546.00 | | |

## ACCOUNT DETAIL   FOR PERIOD OCTOBER 01, 2024 - OCTOBER 31, 2024

**GOLDEN TIME TECHNOLOGIES INC.**

**Business Basic Checking** ▉▉▉3709

| Date | Description | Deposits/Credits | Withdrawals/Debits | Resulting Balance |
|---|---|---|---|---|
| 10/01 | | | | $136,546.00 |
| | No Account Activity this Statement Period | | | |
| 10/31 | | | | $136,546.00 |
| Total | | $0.00 | $0.00 | |
| No Items Processed | | | | |

Thank you for banking with us.

Products and services are offered by Capital One, N.A., Member FDIC.
©2024 Capital One. All rights reserved.

PAGE 1 OF 2



MEMBER FDIC

# EXHIBIT "C"

# Capital One Bank

## MANAGE YOUR CASH
CASH MANAGEMENT | CHECKING | MONEY MARKET | CDs | LOANS

GOLDEN TIME TECHNOLOGIES INC.
21 LYNCREST DR
MONSEY NY 10952

K103
000129531

Speak to a dedicated business solutions expert
at 1-888-755-2172 — a one-stop number for
both your business and personal needs.

## ACCOUNT SUMMARY   FOR PERIOD NOVEMBER 01, 2024 - NOVEMBER 29, 2024

**GOLDEN TIME TECHNOLOGIES INC.**

**Business Basic Checking** ▆▆▆▆3709

| | | | |
|---|---|---|---|
| Previous Balance 10/31/24 | $136,546.00 | Number of Days in Cycle | 29 |
| 1 Deposits/Credits | $56,000.00 | Minimum Balance This Cycle | $136,546.00 |
| 1 Checks/Debits | ($15.00) | Average Collected Balance | $172,003.16 |
| Service Charges | $0.00 | | |
| Ending Balance 11/29/24 | $192,531.00 | | |

## ACCOUNT DETAIL   FOR PERIOD NOVEMBER 01, 2024 - NOVEMBER 29, 2024

**GOLDEN TIME TECHNOLOGIES INC.**

**Business Basic Checking** ▆▆▆▆▆▆▆▆3709

| Date | Description | Deposits/Credits | Withdrawals/Debits | Resulting Balance |
|---|---|---|---|---|
| | | | | $192,546.00 |
| 11/12 | Wire transfer deposit VSNL TECHNOLOGIE S LLC 111224 USD431301482864 | $56,000.00 | | |
| 11/12 | Wire transfer fee VSNL TECHNOLOGIE S LLC   111224 | | $15.00 | $192,531.00 |
| **Total** | | $56,000.00 | $15.00 | |

# EXHIBIT "C"

**Capital**One®**Bank**

## MANAGE YOUR CASH
CASH MANAGEMENT | CHECKING | MONEY MARKET | CDs | LOANS

SHEFA TRANS PACIFIC LTD
21 LYNCREST DR
MONSEY NY 10952

k185
000131296

Speak to a dedicated business solutions expert
at 1-888-755-2172 — a one-stop number for
both your business and personal needs.

## ACCOUNT SUMMARY    FOR PERIOD OCTOBER 01, 2024 - OCTOBER 31, 2024

| Business Basic Checking ██████ 7904 | | SHEFA TRANS PACIFIC LTD | |
|---|---|---|---|
| Previous Balance 09/30/24 | $10,791.70 | Number of Days in Cycle | 31 |
| 0 Deposits/Credits | $0.00 | Minimum Balance This Cycle | $10,791.70 |
| 0 Checks/Debits | $0.00 | Average Collected Balance | $10,791.70 |
| Service Charges | $0.00 | | |
| Ending Balance 10/31/24 | $10,791.70 | | |

## ACCOUNT DETAIL   FOR PERIOD OCTOBER 01, 2024 - OCTOBER 31, 2024

Business Basic Checking ██████ 7904                    SHEFA TRANS PACIFIC LTD

| Date | Description | Deposits/Credits | Withdrawals/Debits | Resulting Balance |
|---|---|---|---|---|
| 10/01 | | | | $10,791.70 |
| | No Account Activity this Statement Period | | | |
| 10/31 | | | | $10,791.70 |
| **Total** | | $0.00 | $0.00 | |
| No Items Processed | | | | |

Thank you for banking with us.

PAGE 1 OF 2

Products and services are offered by Capital One, N.A., Member FDIC.
©2024 Capital One. All rights reserved.



MEMBER FDIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                       Plaintiff,          **Index No.**

       - against -          **Affirmation of Ephraim**
                                       **Yurowitz in Support of**
CAPITAL ONE BANK, NATIONAL ASSOCIATION,   **Order to Show Cause**

                    Defendant.
------------------------------------------------------------------x

       **EPHRAIM YUROWITZ**, hereby Affirms the truth of the following statements under the penalties of perjury:

      1.      I am the President of Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** ("GTT") and **SHEFA TRANS PACIFIC LTD.** ("STP", GTT and STP are sometimes collectively referred to as "Plaintiffs") in this action and have personal knowledge of the facts and circumstances set forth herein.  I submit this Affirmation in support of Plaintiffs' application for an Order to Show Cause seeking, *inter alia*, an Order (i) compelling Defendant **Capital One Bank, National Association** ("Capital One") to remit all balances presently in Account No. xxxxxxxxxx3709, at Capital One ("the GTT Account") to Plaintiff GTT; (ii) compelling Capital One to remit all balances presently in Account No. xxxxxxxxxx7904, at Capital One ("the STP Account") to Plaintiff STP; (iii) prohibiting Defendant from taking any action, other than remitting funds to Plaintiffs, that would affect the balances in the GTT and STP Accounts; and (iv) for such other and further relief as the Court deems just and proper.

      2.      The facts supporting Plaintiffs' application are set forth in the Verified Complaint, a copy of which is attached hereto as Exhibit "A" and are incorporated here by reference.

3.      It is well settled that a preliminary injunction is an extraordinary provisional remedy that will be granted "only where the movant shows a likelihood of success on the merits, the potential for irreparable injury if the injunction is not granted and a balance of equities in the movant's favor." McLaughlin, Piven, Vogel, Inc. v. Nolan & Co., 114 A.D.2d 165, 172, *lv denied*, 67 N.Y.2d 606, (2d Dep't 1986); Chernoff Diamond & Co. v. Fitzmaurice, Inc., 234 A.D.2d 200, 201 (1st Dep't 1996); Nobu Next Door, LLC v. Fine Arts Hous., Inc., 4 N.Y.3d 839, 840 (2005).  The proponent of a motion for a preliminary injunction must meet its burden by clear and convincing evidence.

4.      As a provisional remedy, its function is not to determine the ultimate rights of the parties, but to maintain the *status quo* until there can be a full hearing on the merits. Residential Board of Managers of the Columbia Condominium v. Alden, 178 A.D.2d 121 (1st Dep't 1991).

5.      To be entitled to a preliminary injunction, plaintiff must clearly demonstrate: (1) a likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities in their favor. Klein, Wagner & Morris v. Klein, 186 A.D.2d 631, 633 (2nd Dep't 1992). The decision whether to grant a preliminary injunction rests in the sound discretion of the Supreme Court. City of Long Beach v. Sterling American Capital, LLC, 40 A.D.3d 902, 903 (2d Dept. 2007); Ruiz v. Meloney, 26 A.D.3d 485 (2d Dep't 2006).

6.      In the case at bar, the verified pleadings, this Affirmation, and other documentary evidence attached thereto establishes clearly and convincingly that Plaintiffs are likely to prevail on each of their claims against the Defendant.

7.      Each Plaintiff will undoubtedly suffer irreparable harm in the absence of the relief requested herein.  Plaintiffs utilize their Accounts for a variety of reasons including, but not

limited to, payment of day-to-day operating expenses.  Without the funds presently being withheld by Defendant, Plaintiffs will be forced to cease operations.

8.        The balancing of the equities is clearly in Plaintiffs' favor.  As set forth in the Verified Complaint, Defendant has put vital funds out of Plaintiffs' reach.  At a minimum, the Court should grant Plaintiffs the relief requested so that Plaintiffs' funds can be preserved until the resolution of this matter.  As far as any harm that Defendant would endure in the event Plaintiffs' application is granted, there is none.

9.        **NO PRIOR APPLICATION FOR THE RELIEF REQUESTED HEREIN HAS BEEN MADE.**

**I affirm this 10ᵗʰ day of December 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.**

_____
Ephraim Yurowitz

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------x

GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

|  |  |
|---|---|
| Plaintiff, | **SUMMONS** |
|  | **Index No.** |
|  | **Date Purchased: 12/10/2024** |

- against -

CAPITAL ONE BANK, NATIONAL ASSOCIATION,

Defendant.

Plaintiffs designates Rockland County the place of trial. The basis of venue is Plaintiffs' place of business

-------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Lawrence, New York
       December 10, 2024

                            **THE ROSENFELD LAW OFFICE**

                            By: _____
                                  Avinoam Y. Rosenfeld
                            *Attorneys for Plaintiffs*
                            156 Harborview South
                            Lawrence, New York 11559
                            Phone: (516) 547-1717
                            Email: aviyrosenfeld@aol.com

| | |
|---|---|
| Nature of this action is: | See Attached Complaint |
| Relief sought is: | See Attached Complaint |

TO:    **CAPITAL ONE BANK, NATIONAL ASSOCIATION**
        45 Route 59
        Monsey, New York 10952

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                        Plaintiff,            **Index No.**

         - against -

CAPITAL ONE BANK, NATIONAL ASSOCIATION,     **<u>Verified Complaint</u>**

                        Defendant.
-------------------------------------------------------------------x

      Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** and **SHEFA TRANS PACIFIC LTD.**, by their attorneys The Rosenfeld Law Office, for their Verified Complaint against **CAPITAL ONE BANK, NATIONAL ASSOCIATION**, allege as follows:

<u>**The Parties**</u>

      1.      Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** ("GTT") and **SHEFA TRANS PACIFIC LTD.** ("STP", GTT and STP are sometimes collectively referred to as "Plaintiffs"), are corporations duly organized and existing under the laws of the State of New York.  GTT and STP maintain a place of business at 21 Lyncrest Drive, Money, New York 10952.

      2.      Upon information and belief, Defendant **CAPITAL ONE BANK, NATIONAL ASSOCIATION** ("Capital One") is bank chartered by the United States of America.  Capital One is authorized to do business in the State of New York and maintains a place of business at 45 Route 59 Monsey, New York 10952.

## JURISDICTION AND VENUE

3.       Jurisdiction in this Court is proper under New York Civil Practice Law and Rules ("CPLR") Section 301 and 302 because all parties reside and/or transact or regularly do or solicit business within New York State.

3.       Venue is proper under CPLR 503(a) because Plaintiffs maintain a place of business in Rockland County and a substantial part of the events or omissions giving rise to the claim occurred Rockland County.

## Facts Common to All Claims

4.       In or about March 2024, Ephraim Yurowitz, in his capacity as an officer of GTT, opened an account, Account No. xxxxxxxxxx3709, at Capital One ("the GTT Account").

5.       On or about March 2024, Ephraim Yurowitz, in his capacity as an officer of STP, opened an account, Account No. xxxxxxxxxx7904, at Capital One ("the STP Account").

6.       In or about October 2024, Capital One advised Mr. Yurowitz that it would be closing the GTT and STP Accounts.  Capital One further advised Mr. Yurowitz that:

> Any remaining balance owed to you – plus any interest earned – will be sent to your externally linked checking account. If you don't have an externally linked checking account or if the account linked is no longer open, a check will be mailed to your address on file.

Exhibit "A" hereto.

7.       At the time Capital One closed the GTT Account, the account had a balance of One Hundred Thirty-Six Thousand, Five Hundred and Forty-Six ($136,546.00) Dollars.  See account statement for GTT Account, attached hereto as Exhibit "B".  After Capital One closed the GTT Account a wire, in the amount of Fifty-Six Thousand ($56,000.00) Dollars was received

into the GTT Account and retained by Capital One.  In total, Capital One retained control over
One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.

8.      At the time Capital One closed the STP Account, the account had a balance of Ten
Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.  <u>See</u>
account statement for STP Account, attached hereto as Exhibit "C".

9.      Although Capital One represented that the funds in Plaintiffs' respective accounts
at the time said accounts were closed would be sent to Plaintiffs, Capital One has continued to
retain possession and control over the balances in said accounts and has refused to release the
funds to Plaintiffs.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<strong>(Conversion – GTT Account)</strong>

10.      Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 9
of this Verified Complaint as if fully set forth herein.

11.      GTT has the right to immediate possession of all of the funds that were on deposit
in the GTT Account as of the date Capital One closed the GTT Account.

12.      Defendant has retained funds owed to GTT in an account at Capital One that is
under the exclusive control of Defendant.

13.      The funds diverted by Capital One are readily identifiable.

14.      By retaining the funds referenced herein in an account exclusively under its
control, Defendant has exercised dominion over GTT's funds to the exclusion of GTT.

15.      Defendant's conduct constitutes conversion of GTT's funds.

3

16.     As a result, GTT has sustained damages in an amount to be determined at trial, but not less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Conversion – STP Account)

17.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 16 of this Verified Complaint as if fully set forth herein.

18.     STP has the right to immediate possession of all of the funds that were on deposit in the STP Account as of the date Capital One closed the STP Account and any funds received in the STP Account thereafter.

19.     Defendant has retained funds owed to STP in an account at Capital One that is under the exclusive control of Defendant.

20.     The funds diverted by Capital One are readily identifiable.

21.     By retaining the funds referenced herein in an account exclusively under its control, Defendant has exercised dominion over STP's funds to the exclusion of STP.

22.     Defendant's conduct constitutes conversion of STP's funds.

23.     As a result, STP has sustained damages in an amount to be determined at trial, but not less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty – All Accounts)

24.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 23 of this Verified Complaint as if fully set forth herein.

25.    By virtue of the close and confidential relationship between Plaintiffs and the Defendant, Defendant owed a fiduciary duty to Plaintiffs.

26.    Defendant benefitted by its breaches of its fiduciary duties to Plaintiffs to Plaintiffs' detriment.

27.    As a direct and proximate cause of Defendant's actions, (i) GTT has sustained damages in an amount to be determined at trial, but not less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars., and (ii) STP has sustained damages in an amount to be determined at trial, but not less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Punitive Damages)

28.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 27 of this Verified Complaint as if fully set forth herein.

29.    As a direct and proximate cause of Defendant's actions alleged herein, Plaintiffs have been significantly damaged in an amount to be proven at trial.  Plaintiffs are entitled to punitive damages as Defendant acted with an intentional evil mind and with the intent to cause injury to Plaintiffs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A.  On the First Cause of Action, a money judgment against Defendant in favor of GTT, in an amount to be determined at trial, but no less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars.;

B.  On the Second Cause of Action, a money judgment against Defendant in favor of STP, in an amount to be determined at trial, but no less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents;

C.  On the Third Cause of Action, (i) a money judgment against Defendant in favor of GTT, in an amount to be determined at trial, but no less than One Hundred Ninety-Two Thousand, Five Hundred and Forty-Six ($192,546.00) Dollars., and (ii) a money judgment against Defendant in favor of STP, in an amount to be determined at trial, but no less than Ten Thousand, Seven Hundred and Ninety-One ($10,791.70) Dollars and Seventy Cents;

D.  On the Fourth Cause of Action, punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

E.  Interest, costs and disbursements, including, but not limited to, a reasonable attorneys' fee; and

F.  Such other and further relief as the Court deems just and proper.

Dated:  Lawrence, New York
        December 10, 2024

                              THE ROSENFELD LAW OFFICE

                              By:_____
                                    Avinoam Y. Rosenfeld
                              *Attorneys for Plaintiffs*
                              156 Harborview South
                              Lawrence, New York 11559
                              Phone: (516) 547-1717
                              Email: aviyrosenfeld@aol.com

## VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF ROCKLAND  )

     **EPHRAIM YUROWITZ**, hereby affirms the truth of the following statements under the penalties of perjury:

     I am the President of Golden Time Technologies Inc. and Shefa Trans Pacific Ltd., the Plaintiffs I this action.  I have read the foregoing Verified Complaint and know the contents thereof; the same being true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

     The grounds for my belief as to all matters not stated upon my personal knowledge are an investigation of the facts and circumstances surrounding this matter.

**I affirm this 10th day of December 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.**

_____
Ephraim Yurowitz

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                                 Plaintiff,           **Index No.**

                - against -                **<u>Affirmation of Emergency</u>**

CAPITAL ONE BANK, NATIONAL ASSOCIATION,

                                 Defendant.
------------------------------------------------------------------x

        **AVINOAM Y. ROSENFELD, ESQ.**, an attorney duly admitted to practice before the

Courts of the State of New York hereby affirms the truth of the following under the penalties of

perjury:

        1.      I am counsel to Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** ("GTT")

and **SHEFA TRANS PACIFIC LTD.** ("STP", GTT and STP are sometimes collectively

referred to as "Plaintiffs") in this action and am fully familiar with the facts and circumstances

set forth herein.  I submit this Affirmation in support of Plaintiff's application for an Order to

Show Cause seeking, *inter alia*, an Order  (i) compelling Defendant **Capital One Bank,**

**National Association** ("Capital One") to remit all balances presently in Account No.

xxxxxxxxxx3709, at Capital One ("the GTT Account") to Plaintiff GTT; (ii) compelling Capital

One to remit all balances presently in Account No. xxxxxxxxxx7904, at Capital One ("the STP

Account") to Plaintiff STP; (iii) prohibiting Defendant from taking any action, other than

remitting funds to Plaintiffs, that would affect the balances in the GTT and STP Accounts; and

(iv) for such other and further relief as the Court deems just and proper.

2.      The facts supporting Plaintiff's application are set forth in the Verified Complaint, a copy of which is attached as Exhibit "A" to the accompanying Affirmation of Ephraim Yurowitz, duly Affirmed on December 10, 2024 (the "Yurowitz Aff."), as amplified by the Yurowitz Aff. and will not be repeated herein except to support certain arguments.

3.      The need for the relief requested is urgent.  The irresponsible acts on the part of Defendant have deprived Plaintiffs of the funds that are in their respective accounts.  Despite the fact that Capital One has represented in writing that it would send a check too Plaintiffs in an amount equal to the balances in their accounts, Capital One has failed to do so.

4.      As a direct result of Defendant's actions, Plaintiffs stand at the brink of financial ruin.  Indeed, unless the Court grants the relief requested, Plaintiffs will be unable to pay their bills.

5.      **NO PRIOR APPLICATION FOR THE RELIEF REQUESTED HEREIN HAS BEEN MADE.**

Duly Affirmed this 10th day of December 2024

_____
            Avinoam Y. Rosenfeld

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------------x

GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,                        **Index No.**

                                    Plaintiffs,

                                                 **Notice of Presentment/**
        - against -                              **Affirmation Pursuant to**
                                                 <u>**Uniform Civil Rule Part 202.7**</u>

CAPITAL ONE BANK, NATIONAL ASSOCIATION,,

                                    Defendant.

------------------------------------------------------------------x


        **AVINOAM Y. ROSENFLED, ESQ.**, an attorney duly admitted to practice law before

the Courts of the State of New York hereby affirms the truth of the following under the penalties

of perjury:

        1.      I am counsel for Plaintiffs **GOLDEN TIME TECHNOLOGIES INC.** ("GTT")

and **SHEFA TRANS PACIFIC LTD.** ("STP", GTT and STP are sometimes collectively

referred to as "Plaintiffs") in this action and am fully familiar with the facts and circumstances

set forth herein.  On Monday, December 9, 2024, I notified Defendant that an application for an

Order to Show Cause seeking a Temporary Restraining Order would be filed on Tuesday,

December 10, 2024 at 2:00pm at the Courthouse, located at 1 S Main Street, New City, New

York 10956.  Specifically, I sent an email to the Capital One Bank, National Association legal

department at subpoena@capitalone.com.  A copy of my email is attached hereto as Exhibit "A".


Duly affirmed this 10th day of September 2024.


                                        _____
                                            Avinoam Y. Rosenfeld

Case 7:25-cv-00372-JGLC    Document 1-1    Filed 01/14/25    Page 35 of 56

# EXHIBIT "A"

Golden Time Technologies Inc. v. Capital One Bank, National Association (Sup. Ct., Rockland County)

From:   Avinoam Rosenfeld (aviyrosenfeld@aol.com)

To:   subpoena@capitalone.com

Date:   Monday, December 9, 2024 at 12:57 PM EST

Good Afternoon,

This office represents Golden Time Technologies Inc. and Shefa Trans Pacific Ltd. (collectively, "Plaintiffs").  Tomorrow, **Tuesday, December 10, 2024**, the above-referenced action will be commenced on behalf of Plaintiffs.  Please be advised that along with the filing of the Summons and Complaint, an **application will be made for an Order to Show Cause**.  The **application will include a request for a Temporary Restraining Order**.  Please be further advised that the **application will be made electronically at 2:00pm**.  Due to the application being filed electronically, there is no need for a personal appearance.  In the event that the Court wishes to hear oral argument, the Court will contact counsel for all parties.


Very truly yours,


Avinoam Y. Rosenfeld
**The Rosenfeld Law Office**
**156 Harborview South**
**Lawrence, New York 11559**
**Phone: (516) 547-1717**

At Individual Assignment Part ___ of the
Supreme of the State of New York, held in and
for the County of Rockland at the Supreme
Court Building at 1 S Main Street, New City,
New York 10956 on the 10th day of December
2024

P R E S E N T : _____, J.S.C.


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                                        Plaintiff,          **Index No.**

                    - against -
                                                           **Proposed**
CAPITAL ONE BANK, NATIONAL ASSOCIATION,                    <u>**Order to Show Cause**</u>

                                        Defendant.
------------------------------------------------------------------x

Upon reading and filing of the Summons and Verified Complaint, the Affirmation of
Ephraim Yurowitz, duly Affirmed on December 10, 2024, and the Affirmation of Emergency of
Avinoam Y. Rosenfeld, Esq., dated December 10, 2024, and all of the exhibits attached thereto,
and upon all of the pleadings and proceedings heretofore had herein, let the Defendant Capital
One Bank, National Association ("Capital One") or its attorneys, show cause before this court at
the Courthouse located at 1 S Main Street, New City, New York 10956, on the ____ day of
December 2024, at __:__ o'clock in the after/forenoon of that day or as soon thereafter as
counsel can be heard, why an Order should not be made and entered herein declaring that (a)
Capital One remit all balances presently in Account No. xxxxxxxxx3709, at Capital One ("the
GTT Account") to Plaintiff GTT; (ii) compelling Capital One to remit all balances presently in

Account No. xxxxxxxxxx7904, at Capital One ("the STP Account") to Plaintiff STP; (iii) prohibiting Defendant from taking any action, other than remitting funds to Plaintiffs, that would affect the balances in the GTT and STP Accounts, and (d) Plaintiff is entitled to such other and further relief as the Court deems just and proper.

      **AND IT IS FURTHER ORDERED** that, pending the hearing and determination of this application, Defendant is enjoined from taking any action, other than remitting funds to Plaintiffs, that would affect the balances in the GTT and STP Accounts;

      **AND IT IS FURTHER ORDERED** that, sufficient cause appearing therefor, let service pursuant to CPLR 2103 of a copy of this Order and the papers upon which it is based upon Defendant or its counsel on or before December __, 2024 be deemed good and sufficient service;

      **AND IT IS FURTHER ORDERED that,** opposition papers, if any, be served upon Plaintiffs' counsel, The Rosenfeld Law Office, 156 Harborview South, Lawrence, New York 11516, so as to be received on or before December __, 2023.

E N T E R

_____
J. S. C.

UCS-840
(rev. 01/01/2024)

# REQUEST FOR JUDICIAL INTERVENTION

Supreme COURT, COUNTY OF Rockland



Index No: _____    Date Index Issued: _____

| | **For Court Use Only:** |
|---|---|
| | **IAS Entry Date** |

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

GOLDEN TIME TECHNOLOGIES INC., SHEFA TRANS PACIFIC LTD.

-against-                                                    Plaintiff(s)/Petitioner(s)

CAPITAL ONE BANK, NATIONAL ASSOCIATION

                                                    Defendant(s)/Respondent(s)

**Judge Assigned**

**RJI Filed Date**

**NATURE OF ACTION OR PROCEEDING:**   Check only one box and specify where indicated.

**COMMERCIAL**
- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial *(specify)*: _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* ***COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)***.

**TORTS**
- [ ] Asbestos
- [ ] Environmental *(specify)*: _____
- [ ] Medical, Dental or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability *(specify)*: _____
- [ ] Other Negligence *(specify)*: _____
- [ ] Other Professional Malpractice *(specify)*: _____
- [x] Other Tort *(specify)*: Conversion

**SPECIAL PROCEEDINGS**
- [ ] Child-Parent Security Act *(specify)*: [ ] Assisted Reproduction [ ] Surrogacy Agreement
- [ ] CPLR Article 75 - Arbitration   [see *NOTE* in **COMMERCIAL** section]
- [ ] CPLR Article 78 - Proceeding against a Body or Officer
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 - Kendra's Law
- [ ] MHL Article 10 - Sex Offender Confinement *(specify)*:   [ ] Initial   [ ] Review
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene *(specify)*: _____
- [ ] Other Special Proceeding *(specify)*: _____

**MATRIMONIAL**
- [ ] Contested
  - ***NOTE:*** *If there are children under the age of 18, complete and attach the* ***MATRIMONIAL RJI Addendum (UCS-840M)***.
  - *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* ***(UD-13)***.

**REAL PROPERTY**   Specify how many properties the application includes: _____
- [ ] Condemnation
- [ ] Mortgage Foreclosure *(specify)*:   [ ] Residential      [ ] Commercial
  - Property Address: _____
  - *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* ***FORECLOSURE RJI ADDENDUM (UCS-840F)***.
- [ ] Partition
  - ***NOTE:*** *Complete and attach the* ***PARTITION RJI ADDENDUM (UCS-840P)***.
- [ ] Tax Certiorari *(specify)*:   Section: _____ Block: _____ Lot: _____
- [ ] Tax Foreclosure
- [ ] Other Real Property *(specify)*: _____

**OTHER MATTERS**
- [ ] Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change/Sex Designation Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other *(specify)*: _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [x] | [ ] | If yes, date filed: ____12/10/2024____ |
| Has a summons and complaint or summons with notice been served? | [ ] | [x] | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- [ ] Notice of Motion                    Relief Requested: _____   Return Date: _____
- [ ] Notice of Petition                  Relief Requested: _____   Return Date: _____
- [x] Order to Show Cause                  Relief Requested: Injunction/Restraining Order   Return Date: _____
- [ ] Other Ex Parte Application           Relief Requested: _____
- [ ] Partition Settlement Conference
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other *(specify)*: _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|---|
| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance Carriers**<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: GOLDEN TIME TECHNOLOGIES INC.<br>Role(s): Plaintiff/Petitioner | AVINOAM ROSENFELD, The Rosenfeld Law Office, 156 Harborview S , Lawrence, NY  11559, aviyrosenfeld@aol.com | ☐ YES  ☒ NO | |
| ☐ | Name: SHEFA TRANS PACIFIC LTD.<br>Role(s): Plaintiff/Petitioner | AVINOAM ROSENFELD, The Rosenfeld Law Office, 156 Harborview S , Lawrence, NY  11559, aviyrosenfeld@aol.com | ☐ YES  ☒ NO | |
| ☒ | Name: CAPITAL ONE BANK, NATIONAL ASSOCIATION<br>Role(s): Defendant/Respondent | 45 Route 59, Monsey, NY  10952 | ☐ YES  ☒ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:   12/10/2024

AVINOAM YACKOV ROSENFELD
Signature

3983053
Attorney Registration Number

AVINOAM YACKOV ROSENFELD
Print Name

NINTH JUDICIAL DISTRICT
NOTICE OF ALTERNATIVE DISPUTE RESOLUTION (ADR) MEDIATION REFERRAL

# ADR COURT NOTICE

**Dear Attorney/Litigant:**

You are receiving this notice because you have a civil case pending in Supreme Court in the Ninth Judicial District. This is to advise you of the Court's Mediation Program. In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the case, but helps the parties communicate so they can try to settle the dispute themselves.

Pursuant to Part 160 of the Rules of the Chief Administrative Judge, the Court will refer your matter to mediation as early as practicable, unless an exception applies, or you show good cause to opt out at the time of referral. You may also request to be referred to mediation prior to the Court's referral. Your preemptory consent to mediation may obviate the need for a preliminary conference (*see* Section 202.12 of the Rules of the Chief Administrator of the Courts). Be advised that the first ninety (90) minutes of mediation with a certified mediator is free. Mediation is not conducted by the Court and everything that takes place during the mediation is confidential.

Mediation currently takes place virtually either using computer conference technology, such as Zoom, or telephone conferencing. If you are unable to resolve your dispute during the initial free ninety (90) minute session, but believe you are making progress towards a solution, you may continue to mediate at a rate agreed upon beforehand with the mediator and payable in equal shares by the parties. If you are ultimately unable to resolve your matter in mediation, you simply appear in court on your next court date.

We strongly encourage you to participate in mediation. Mediation often saves time and money and avoids trial. If you and the opposing party agree that you would like to voluntarily be referred to mediation, simply fill out the attached Agreement to Mediate and proposed Order of Reference and return it by email to the Alternative Dispute Resolution Coordinator, **at 9JD-ADRCoordinator@nycourts.gov**. The Assigned Judge will then So Order the Order of Reference to Mediation and you can begin the mediation process. Please click on the following link: **https://www.nycourts.gov/LegacyPDFS/Courts/9jd/ADR/District-Wide-Rules.pdf** in order to read through the Ninth Judicial District's ADR Rules and Procedures for more information.

**NOTE: Mediation is NOT appropriate in cases involving a history or fear of domestic violence or child abuse. If you or someone you know is in this situation, please visit www.opdv.ny.gov and get help. Mediation is also not appropriate in cases where one side is self-represented (*pro se*) and the other side is represented by counsel.**

If you have any questions, please contact the Ninth Judicial District's Alternative Dispute Resolution Coordinator by email at **9JD-ADRCoordinator@nycourts.gov.**

Very truly yours,

Hon. Anne E. Minihan
Administrative Judge
Ninth Judicial District

Attachments:   Agreement to Mediate
Proposed Order of Reference
Program Objectives and Rules

# VOLUNTARY OPT IN PROGRAM'S AGREEMENT TO MEDIATE

1.   We understand that we are allowed one free, 90-minute initial mediation session.  If we choose to continue beyond the initial 90 minutes, we, the parties, will pay the mediator at a rate agreed upon beforehand in writing.

2.   We understand that mediation is voluntary; we can choose which points to discuss and we can, with good cause, opt-out of mediation, if approved to do so by the Court.

3.  We understand that if we do not work out an issue in mediation, we can return to Court.

4.   We understand that we are free to talk with a lawyer now, before, during or after the mediation session.

5.   We understand that the mediator is not acting as a lawyer for either party and will not be giving legal advice or opinions on the law.  The mediator may share with us some legal information but that does not constitute legal advice.

6.  Except for allegations of child abuse or threats of imminent harm, we understand that whatever is said during this process is confidential.  The mediator agrees not to reveal any oral or written communications to others, including the Court, without the consent of all parties.

7.  We agree that if we do go to Court, we will not testify about what happened in the mediation.  We will not ask the mediator or the other party to give evidence about what happened in the mediation, and we will not demand anything prepared for mediation, unless it is allowed by law.

8.  We understand that the mediator shall be immune from suit to the extent allowed by law.

_____          _____
**(Case Name)**                                              **(Index Number)**

_____          _____
**(Plaintiff - Signature)**                              **(Defendant - Signature)**

_____          _____
**(Print name)**                                            **(Print name)**

_____          _____
**(Attorney for Plaintiff - Signature)**            **(Attorney for Defendant - Signature)**

_____          _____
**(Print name)**                                            **(Print name)**

 

Alternative Dispute Resolution (ADR) in the New York State Unified Court System (NYS UCS) relies on the participation, collaboration, and engagement of national, state, and local bar associations, and their members throughout New York State. We appreciate all you have done to support high-quality ADR and invite you to continue your efforts.[1]

1) **Integrate ADR more deliberately into your own litigation practice:**
   a. Incorporate discussions of ADR into your initial client consultation.
   b. Train associates and staff on ADR basics so they can answer client questions and provide support.
   c. Request referral to mediation or choose mediation when representing a client.
   d. Respond affirmatively to court invitations to opt-in to ADR.
   e. Re-engage with ADR options later in the process if you declined mediation at an earlier time. Encourage your colleagues to do the same.

2) **Build ADR capacity in areas of need**. Volunteer in areas where you have expertise and where the court has need- this may involve particular case types and in certain geographical areas. Provide accessible services to address justice gaps.

3) **Serve as ambassadors**. High quality ADR can save time and money, reduce stress, and improve our litigants' experience with the court system. Show through your responsiveness, successes, and post mediation surveys that mediation is effective, efficient, and strengthens public trust; this makes court staff more likely to continue to make referrals to mediation and encourages attorneys to be more open to the process if referred. Create opportunities to hear from and educate others in **other sections or practice areas,** through informal conversations with litigators, more structured programs like panels and less formal "lunch & learn" events. Coordinate with the Statewide Advisory Committee on ADR.

4) **Partner with local and affinity bar associations**. ADR unfolds locally, allowing each area—whether it be on the judicial district, county or court level—to implement ADR in a way that is responsive to local communities and stakeholders. Local and affinity bar associations can play a key role by coordinating and collaborating with one another, and with statewide bar groups, to educate the public, promote understanding, and address concerns about ADR with colleagues and community members.

5) **Strengthen diversity in the ADR field.** The NYS UCS serves a wide variety of litigants including persons of varying age, race, ethnicity, national origin, gender, sexual orientation, physical or mental ability, religion, socioeconomic status, and family status.

---

[1] This document follows up on suggestions first made in *Behind the Scenes in Presumptive ADR*, by Lisa Courtney and Glen Parker, NYSBA NY Dispute Resolution Lawyer, 2022, Vol. 15, No. 1, at 39

There is a great need for mediators who come from the communities of the litigants we serve and for courts and parties to choose from more diverse groups of mediators.

6) **Mentor and support newer mediators**. The increase in mediation trainings has meant an increased demand for trainees to gain the experience they need to mediate cases successfully. Provide a new mediator an opportunity to work alongside someone more experienced to build mediator capacity and grow the field. Invite mentees to take part at the point of earliest contact between the mediators and the parties/their counsel. Develop or join practice groups, where newer mediators can share their challenges and requests for guidance from more experienced mediators while respecting confidentiality.

7) **Join stakeholder groups**. Assist with ADR program development at the local level. ADR program development relies on engaged local bar members who have subject matter expertise.

8) **Identify other rules and how to streamline ADR practice.** Identify where other rules or legislation might be required or need to be aligned; this may include but is not limited to duties to inform and educate clients effectively and responsibly about ADR. Recommend ways to Statewide Advisory Committee on ADR to align statewide ADR rules with other statutes, rules, and regional practices. Propose templates for pre-ADR information exchange tailored to particular kinds of disputes.

9) **Give us feedback.** Let us know what is working and what could work better and where. Where else can ADR help, both geographically and in specific case types? What are the obstacles and what ideas would you like to share about how we might overcome them? Email us at Statewide-ADR@ nycourts.gov

10) **Persevere.** We need to keep educating the public, supporting new mediators, instilling confidence in ADR, and offering accessible services. We look forward to continuing to develop and improve the effective delivery of high-quality ADR options throughout New York State, and we welcome your ongoing engagement.



## 9th JUDICIAL DISTRICT
## DISTRICT-WIDE PRESUMPTIVE MEDIATION
## PROGRAM RULES

### I.    OVERVIEW

Proceedings in the civil parts of the Ninth Judicial District, are eligible for presumptive mediation (the "Program"). The following Rules shall govern all cases referred to this Program in conjunction with specific approved Rules for individual Courts and Parts of court in the counties of the District. This Program does not preclude the Court from directing or referring parties to other forms of Alternative Dispute Resolution ("ADR"), including settlement conferences with court staff.

### II.    STATEMENT OF PURPOSE

The Ninth Judicial District is dedicated to fulfilling its statutory and constitutional mandate to ensure the just and efficient resolution of all matters that come before it. The Program has been developed to achieve these ends through early referral to mediation. Mediation is often faster, more convenient, less expensive, and less acrimonious, and often results in a more mutually acceptable and durable resolution than the normal course of litigation.

### III.    DEFINITIONS

**Mediation**.  A confidential dispute resolution process in which a neutral third party - the mediator - helps parties identify issues, clarify perceptions and explore options for a mutually acceptable outcome.  In this process, parties have an opportunity to communicate with each other, focus on what is important to them, and to come up with individually-tailored solutions. During mediation, each party relates his or her understanding of the dispute. The Mediator may ask the parties clarifying questions. The mediator will not give legal advice or force solutions on the parties.

Mediation often involves non-legal as well as legal issues.  Parties are strongly encouraged to participate in mediation with their own attorneys.  Parties may also choose to attend sessions without counsel, if all participants agree.  Although the mediation process can, and often does, result in an agreement, whether to reach an agreement, and on what terms, is up to the parties themselves.

**Mediator**. A trained third party neutral. The Mediator is not a decision-maker. The Mediator serves as a neutral facilitator of communication and helps the parties reach resolution of the issue(s) being mediated.  In this document, Mediator may also refer to a co-mediation team where

1

two (or more) such neutrals are working together to mediate a case. For the purposes of these rules, a Mediator is a neutral who has fulfilled the requirements of Part 146 of the Rules of the Chief Administrative Judge and is mediating a given case pursuant to these program rules. This is distinct from private mediators who mediate cases outside these program rules.

**Community Dispute Resolution Center**. The New York State Unified Court System partners with local non-profit organizations known as Community Dispute Resolution Center ("CDRC") to provide mediation, arbitration, and other dispute resolution options as an alternative to court. CDRCs help litigants resolve a wide range of family court disputes involving parents and children as well as child custody and visitation issues.

**Part**.  A Part shall mean any branch of court so designated by Administrative Rule or any Supreme Court IAS Justice, Acting Justice, Family Court Judge, Surrogate Judge or Judicial Hearing Officer presiding over the matter assigned.

**County ADR Coordinator**. A person or entity designated to facilitate the assignment of Court proceedings to mediation and to track results of the mediation program in accordance with the Program Rules.  Each County shall have at least one County ADR Coordinator to be designated by the Administrative Judge for the Ninth Judicial District.  A County ADR Coordinator may include any assigned Supreme Court IAS Justice, Acting Justice, Family Court Judge, Surrogate, chambers staff, Judicial Hearing Officer, clerk, office staff or other court staff designated to review matters for ADR.

**District ADR Coordinator**.  A person or entity designated by the Administrative Judge for the Ninth Judicial District to have general program oversight.

## IV.    PROCEDURES

### a.    Mediation Initiation Process

i.    Pursuant to Section 160.2 of Part 160. Alternative Dispute Resolution in the Trial Courts of the Rules of the Chief Administrative Judge, referrals to mediation shall take place at the earliest practicable time unless a different time frame is provided for by the specific court or part of court in the County where the action or proceeding is brought.

ii.    If any Party seeks to Opt Out from mediation, the Part shall determine in its discretion whether good cause exists to grant same.

iii.    If any Party seeks an exemption from the fee component of the mediation based on indigent status pursuant to New York Civil Practice Law and Rules §1101, the Part shall make a determination on such request, with the understanding that the non-indigent party shall still be responsible for their portion of the Mediator's fee.

iv.    If all Parties request mediation in the Mediation Initiation Form, the case shall be referred to Mediation by Order of Reference.

v.    Once the Part determines that the case qualifies for presumptive mediation, the Part shall issue an Order of Reference or referral to a CDRC.

2

    **b.**    **Order of Reference/Referral to CDRC**:
        i.    The Part staff shall:
            1.    Refer matters to mediation by an Order of Reference or Referral to CDRC informing Parties and their counsel that the case shall undergo mediation, which shall be completed within 45 days of issuance of the Order of Reference or referral; and
            2.    Establish a date thereafter upon which to return to Court.

## V.    SELECTION OF MEDIATOR

a.    If a matter is not referred to a CDRC, then within ten (10) business days from receipt of the Order of Reference, the parties shall confer and select a Mediator from the 9th JD ROSTER or retain a private mediator from the Statewide Mediator Directory, following which, the Parties shall, before the expiration of such ten (10) business day period file with the Court the Mediator Selection Form indicating the identity of the Mediator. Parties should proceed with Mediator selection as expeditiously as possible so that if the first choice of Mediator has a conflict of interest or otherwise is unable to serve, the Parties then have sufficient time to choose an alternative Mediator within the time frame set herein.

b.    If the Parties are unable to agree on a Mediator, the Parties shall, within the same ten (10) business days from receipt of the Order of Reference, submit to the Court the Mediator Selection Form with two Mediator names per party listed, and the Court will select the Mediator from that list.

c.    If either Party does not consent to the Mediator selected by the Court under this Rule on the belief that there is a conflict of interest, the objecting party must submit a written request to the Court within five (5) days from the date of notification of the selected Mediator that includes the basis for disqualification of the Mediator. The Court may randomly select an alternative mediator or deny the request.

d.    If the Parties are unable to agree on a Mediator, and the Parties fail to submit the Mediator Selection Form in the time period prescribed above, the Court, after confirming no conflict of interest with the Mediator and that the Mediator can conduct a mediation within the required time frame under these Rules, shall then complete the Mediation Selection Form designating a Mediator from the Roster, and the Parties shall be bound by the Court's election.

e.    Parties may designate as the Mediator a person who is not a member of the Roster (i.e., a private mediation provider), but in such instance the Parties must complete the mediation process within the deadlines set forth in these Rules. Where the Parties elect to mediate with a Mediator who is not on the Roster, the fee structure shall be as agreed to by the Parties and such Mediator is not obligated to provide the first ninety minutes of the initial mediation session without compensation.

f.    If the Parties wish to choose their own Mediator who is not on the Roster, they shall inform the Part of (a) the name and contact information of the Mediator selected; and (b) date of the first session within the time frame set herein.

Case 7:25-cv-00372-JGLC     Document 1-1     Filed 01/14/25     Page 48 of 56

g.   Co-mediation may occur as part of an apprentice program when one mediator is mentoring another. Co-mediation may also occur when two mediators are appointed to the case.  Apprentice mediators' time is non-compensable, whereas a Co-mediator's time is compensable, but with the understanding that Co-mediators will split the fee that would otherwise be payable to a single Mediator under these Rules.

h.   The Roster shall include mediators or mediation service providers who can provide free and reduced-fee mediation services to qualified participants.

i.   Mediators on court rosters shall list their relevant biographical information, experience, areas of expertise and any language fluency they possess.

## VI.   THE MEDIATION PROCESS

a.   **Client Preparation**: Counsel shall prepare for their case to be referred to mediation by:

   i.    Informing their clients about the Court's mediation program and its expectations and requirements.
   ii.   Identifying the information and material that may be useful to exchange with other parties in advance of mediation, including any information required to be exchanged by any discovery protocol prescribed by the Part.

b.   **Pre-mediation Memoranda**: The parties shall provide a five page-limited confidential memorandum setting forth their view as to the facts, the issues that are in dispute, suggestions as to how the matter might be resolved, as well as such other information concerning the litigation as the mediator deems necessary for the effective negotiation and resolution of the issues. No portion of the confidential memorandum shall be disclosed to the Court, nor, unless otherwise agreed by the parties, to any other party to the proceeding. Any departure from the requirements set forth herein may be authorized by the Part or the Mediator.

c.   **Pre-mediation Conference Calls**: The Mediator may request a conference call regarding any preliminary matters and may thereafter meet or speak privately with any Party and their respective counsel prior to or during a mediation session.

d.   **Location of Mediation Sessions**: The initial mediation and any subsequent session shall take place at the mediator's office, unless a different location is identified in another specific court sponsored mediation program or otherwise agreed to by the Mediator and the parties that permits the effective conduct of the mediation and preserves confidentiality and safety.

e.   **Informed Consent**: At the beginning of the initial session, the Mediator shall:

   i.    Explain to all parties that all communications are governed by the Confidentiality provisions of these Rules
   ii.   Explain that any party may, during the initial session or at any time thereafter, end the mediation process and return to Court

4

iii.    Request that all Parties acknowledge in writing that they were informed of and understand the voluntary and confidential nature of the mediation process. A Mediation Participant Statement of Understanding shall be sent to the Mediator and the Parties by the Part after the Mediator selection has been confirmed.

f.    **Caucus**: At any point in the process either Party, their counsel, or the Mediator may suggest meeting separately with the mediator in caucus. During the caucus, the Mediator may explore how that party views the dispute and the impact of any proposed solutions. The Mediator keeps confidential the information discussed in caucus unless the Party permits disclosure.

g.    **Time to Complete Mediation**: Unless otherwise permitted by the Part, the parties shall complete the mediation process within forty-five (45) days of issuance of the Order of Reference.

h.    **Mediator Report**: Within five (5) business days after the conclusion of the mediation sessions, the Mediator shall send a Report of Mediator Form ("Mediator Report") to the Court that states:

    i.    The date of the initial session and whether each Party and counsel appeared at the initial session;
    ii.    The dates of any subsequent sessions that were held, but not whether parties appeared; and
    iii.    Whether the parties reached partial, complete, or no agreement on the issues.

i.    **Mediation Survey**: Following the conclusion of the mediation, Parties and counsel shall complete a Post Mediation Survey found on the District's ADR webpage. The survey is meant to track participant satisfaction and shall not include any details of the substance of the case or mediation.

## VII.    FEES AND MEDIATOR COMPENSATION

a.    The Court itself does not charge or administer fees for mediation.

b.    CDRC services are offered for a nominal administrative fee or the non-profit's sliding scale depending on the type of case and services provided.

c.    **Initial Session**: Court Roster Mediators shall not be compensated for the first ninety (90) minutes of the initial mediation session under the Program. Mediators shall also not be compensated under the Program for preparation time or administrative tasks. Unless otherwise provided in these rules or agreed upon by the parties in writing, the Mediator's fee structure shall as set forth in the Program's Mediation Fee Agreement.

d.    **Mediation Fee Agreement**: At or any time prior to the beginning of the initial in-person mediation session, the Parties, counsel and the Mediator shall enter into a Mediation Fee Agreement, which shall be in the form accompanying these Rules, except as otherwise agreed to in writing by the Parties, counsel, and the Mediator.

5

e.    Unless otherwise agreed to by the Parties, counsel and the Mediator in a signed writing, mediation continued beyond the first ninety (90) minutes of the initial mediation session will be billed by the Mediator at a rate of $400/hour (unless a different amount is identified in another specific court sponsored mediation program) to be split evenly among the Parties who continue the mediation beyond the first ninety (90) minutes of the initial mediation session, subject to any indigency exception set forth herein.

f.    At the expiration of the first ninety minutes of the initial session as previously defined, any party may elect not to continue with the mediation, which decision must be immediately communicated orally or in writing to the Mediator and all parties. In such situation, despite the fact that one or more parties have opted out of mediation, mediation can continue as to those parties desiring to continue, to the extent that the mediation can be meaningful without participation by the party or parties that opted out.

g.    **Co-Mediation**: When a case is co-mediated by two appointed Court Roster Mediators, the Mediators shall split the set hourly rate.

## VIII.    PARTICIPATING IN MEDIATION

a.    **Party Participation**: Parties are required to attend all mediation sessions. The Mediator has the discretion to allow remote participation in mediation.

b.    **Attorney Participation**:  Parties are strongly encouraged to participate in mediation with counsel.

c.    **Non-Party Participation**: If a non-party is invited to participate in the mediation, which participation must be agreed to by the Parties and the Mediator, the Mediator shall obtain the participating non-party's written consent as to confidentiality and any other matters requested by the Parties, as facilitated by the Mediator.

d.    **Opting-Out**: A case otherwise subject to mediation may be exempted from such mediation upon a showing of good cause. A party seeking an exemption shall apply for leave of Court to be exempted. Failure to seek an exemption in this manner shall constitute a waiver of any objection to the mediation referral. If the court grants leave to "Opt Out" from referral to mediation, then the case shall not proceed to mediation at that time.

e.    **Compliance**: Failure to comply with these rules may subject the offending party or attorney to sanctions, including but not limited to sanctions under CPLR §3126 and Rules of the Chief Administrative Judge PART 130. Costs And Sanctions.

## IX.    CONFIDENTIALITY

a.    Mediation with a Court Roster Mediator shall be confidential and, except as otherwise provided, any document prepared, or communications made, by Parties, their counsel or a Mediator for, during, or in connection with the proceeding shall not be disclosed outside its confines by any participant. No Party to the proceeding shall, during the action referred to

Case 7:25-cv-00372-JGLC    Document 1-1    Filed 01/14/25    Page 51 of 56

mediation or in any other legal matter, seek to compel production of documents, notes, or other writings prepared for or generated in connection with mediation, or the testimony of any other party or the Mediator concerning communications made during the proceeding. A settlement, in whole or in part, reached during mediation shall be set forth in a writing signed by all parties affected or their duly authorized agents. Documents and information otherwise discoverable under New York Law shall not be shielded from disclosure merely because they are submitted or referred to in mediation.

b.      Notwithstanding these confidentiality provisions, communications and information may be subject to disclosure in any present or future judicial or administrative proceeding in any of the following circumstances:

    i.      Attendance: Whether the parties and their counsel attended the initial session will be reported to the court.

    ii.     Session Information: The Mediator may report to the Court whether the Parties are requesting additional mediation sessions as well as the date of any mediation session.

    iii.    Waiver: Parties to the mediation and the Mediator may agree to waive confidentiality. The waiver must specify the individual communication(s) or information that will be disclosed, the person or entity to whom the disclosure will be made, and the purpose of the disclosure. All waivers shall be in writing.

    iv.     Written Agreement: A writing signed by all the Parties embodying a negotiated agreement submitted to the Court for review. Only those signed agreements that have become court orders or decrees may be admissible in any present or future judicial or administrative proceeding.

    v.      Threats of Imminent, Serious Harm: If a communication or information constitutes a credible threat of serious and imminent harm, either to the speaker or another person or entity, the appropriate authorities and/or the potential victim may be notified.

    vi.     Allegations of Child Abuse or Neglect: If a communication or information relates to an allegation of child abuse or neglect as defined in Family Court Act §1012 (e) and (f) and Social Services Law §412 , and for which disclosure is required pursuant to Social Services Law §413, appropriate authorities may be notified.

    vii.    Mediation Survey: The mediation survey may be disclosed to the Administrative Judge or applicable ADR Coordinator as set forth above, including for purposes of determining whether to re-certify a Mediator to a Roster or whether to remove a Mediator from a Roster.

    vii.    Unprofessional Conduct:  A party, counsel to a party, or the Mediator, may report to an appropriate disciplinary body any unprofessional conduct engaged in by the Mediator or counsel to a party.

    viii.   Collection of Fees:  The Mediator may make general references to the fact of the mediation services rendered in any action to collect an unpaid, authorized fee for services performed under these Rules.

## X.    MEDIATORS

a.    **Qualifications**

i.    The Administrative Judge shall establish, and the District ADR Coordinator shall maintain, a roster of trained mediators ("The Roster") for the Program which shall be available on the applicable Court or Part website within the District. To be eligible to join the Roster as a Mediator, a person shall satisfy the training and experience requirements of PART 146. Guidelines For Qualifications and Training of ADR Neutrals Serving On Court Rosters | NYCOURTS.GOV of the Rules of the Chief Administrative Judge as follows:

1.    All Court Roster Mediators shall have received at least:
   a.    24 hours of basic mediation training;
   b.    16 hours of additional training in the specific mediation techniques applicable to specific subject areas of the types of cases referred to them;
   c.    Any additional training or experience required in another specific court sponsored mediation program.

2.    All Court Roster Mediators shall have recent experience mediating actual cases in the subject area of the types of cases to be referred to them. Mediation experience can be achieved by:
   a.    Mediating at least three (3) Court cases which were filed within a State or Federal Court in New York, or
   b.    Completing a Court Mediation Apprenticeship, which shall include:
      i.    Observing at least one (1) mediation, regardless of case type;
      ii.    Co-mediating three (3) Court cases in the subject area of the types of cases to be referred to them;
      iii.    Debriefing all observations and mediations with a court roster mediator or ADR Program Contact; and
      iv.    Evaluation by a court roster mediator or ADR Program Contact.
   c.    All Court Roster Mediators must receive six hours of approved Continuing Legal Education either in relevant substantive law or the mediation of disputes relevant to their practice areas.
   d.    Fulfillment of these requirements does not guarantee acceptance onto the Roster. Final placement on a Roster or continuation on a Roster is in the discretion of the District Administrative Judge under Part 146 of the Rules of the Chief Administrator.

b.    **Immunity**

i.    The Mediator shall be immune from suit as a result of any conduct or omission made during performance of duties in that official capacity to the extent permissible by law and shall be held harmless and indemnified against any costs incurred by the Mediator in connection with any claim based on such actions or omissions to the extent permitted by applicable law, including Public Officer's Law Section 17.

c.   **Avoiding Conflicts of Interest**:

i.      Before accepting an appointment as a Mediator, and within 72 hours of being contacted for possible retention for Mediation to mediate a case under these Rules, a Mediator shall make an inquiry that is reasonable under the circumstances to determine whether there are any known facts that a reasonable individual would consider likely to affect the impartiality of the Mediator, including a financial or personal interest in the outcome, and an existing or past relationship with a party or their attorneys or foreseeable participant in the mediation. If the Mediator wishes to accept an appointment after discovering a potentially disqualifying fact, the Mediator shall disclose the disqualifying fact to the Parties and shall not serve unless the Parties consent thereto in writing. If, after accepting a case, a Mediator learns of any disqualifying fact, the Mediator shall disclose it to the Parties as soon as practicable. If such conflict is not waived by the Parties, or if, such conflict might reasonably be viewed as undermining the integrity of the mediation, the Mediator shall withdraw and notify the parties and the Court.

d.   **Quality Assurance**

i.      The District ADR Coordinator shall develop and promulgate consistent practices for ensuring mediator quality and fitness. Such practices may include, but are not limited to:

1.      Observing mediators periodically;
2.      Providing and/or requiring continuing education relevant to mediating cases;
3.      Debriefing cases with mediators.

ii.     Any Roster mediator or prospective mediator may be observed at any time by the District ADR Coordinator, the County ADR Coordinator, or staff of the NYS Unified Court System's Statewide ADR Office, before appointment on the Roster or to remain on the Roster.

e.   **Mediator Standards of Conduct**

i.      Mediators on court approved rosters must adhere to the Standards_of_Conduct to be established or adopted by the Office of Court Administration in conducting their mediations.

## XI.   DISTRICT ADR COORDINATOR

a.      The District ADR Coordinator shall oversee the administrative requirements of the Program, which includes but is not limited to:

i.      Monitoring all proceedings referred to mediation;
ii.     Providing information to the Court on the status of cases referred to mediation;
iii.    Maintaining statistical data on the Program.

**Honorable Anne E. Minihan**
**Administrative Judge, Ninth Judicial District**

10/2024 Version

*Appearances Required on Return Date*

At Individual Assignment Part ▇ of the
Supreme of the State of New York, held in and
for the County of Rockland at the Supreme
Court Building at 1 S Main Street, New City,
New York 10956 on the  11  day of December
2024

P R E S E N T :   DAVID FRIED, A.J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x
GOLDEN TIME TECHNOLOGIES INC. and
SHEFA TRANS PACIFIC LTD.,

                         Plaintiff,         **Index No.**  037460/2024

     - against -

CAPITAL ONE BANK, NATIONAL ASSOCIATION,    **Order to Show Cause**

                   Defendant.    Motion Seq. No. 1
-------------------------------------------------------------------x

      Upon reading and filing of the Summons and Verified Complaint, the Affirmation of

Ephraim Yurowitz, duly Affirmed on December 10, 2024, and the Affirmation of Emergency of

Avinoam Y. Rosenfeld, Esq., dated December 10, 2024, and all of the exhibits attached thereto,

and upon all of the pleadings and proceedings heretofore had herein, let the Defendant Capital

One Bank, National Association ("Capital One") or its attorneys, show cause before this court at

the Courthouse located at 1 S Main Street, New City, New York 10956, on the  20  day of

December 2024, at  9:15 o'clock in the after/forenoon of that day or as soon thereafter as

counsel can be heard, why an Order should not be made and entered herein declaring that (a)

Capital One remit all balances presently in Account No. xxxxxxxxxx3709, at Capital One ("the

GTT Account") to Plaintiff GTT; (ii) compelling Capital One to remit all balances presently in

Account No. xxxxxxxxxx7904, at Capital One ("the STP Account") to Plaintiff STP; (iii)

prohibiting Defendant from taking any action, other than remitting funds to Plaintiffs, that would

affect the balances in the GTT and STP Accounts, and (d) Plaintiff is entitled to such other and

further relief as the Court deems just and proper.

**AND IT IS FURTHER ORDERED** that, pending the hearing and determination of this

application, Defendant is enjoined from taking any action, other than remitting funds to

Plaintiffs, that would affect the balances in the GTT and STP Accounts;

**AND IT IS FURTHER ORDERED** that, sufficient cause appearing therefor, let service

of a copy of this Order and the papers upon which it is based, *along with the Summons & Complaint herein, by personal delivery to a Capital One Bank branch,* ~~upon Defendant or its counsel~~ on or before December *16* 2024 be deemed good and sufficient

service; *Promptly file an Affidavit of Service.*

*A briefing schedule will issue on the Return Date, if necessary.*

## Appearances Required on Return Date

ENTER

*Dec. 11, 2024*

**JUDGE DAVID FRIED**
New York State Court of Claims
Acting Justice of the Supreme Court

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF ROCKLAND
# JUDGE FRIED, DAVID



| | |
|---|---|
| **GOLDEN TIME TECHNOLOGIES INC. et al**<br><br>**- v. -**<br><br>**CAPITAL ONE BANK, NATIONAL ASSOCIATION** | **Index #    037460/2024** |

## COURT NOTICE

Per the request of counsel, the return date of the Order to Show Cause and conference are adjourned to January 17, 2025 at 9:15am in Courtroom 6.

DATED 12/19/2024                              FILED By Colleen Moriarty